PER CURIAM.
Upon the state’s confession of error, with which we agree, the order denying the defendant’s motion to correct an illegal sentence, filed pursuant to Fla.R.Crim.P. 3.800(a), is reversed and the cause is remanded to the trial court with directions to set aside the defendant Edward Smith’s sentence of twelve-years imprisonment for grand theft, third degree, imposed after declaring the defendant an habitual violent felony offender [§ 775.084(3), (4), Fla.Stat. (1989) ] — and to impose a sentence not to exceed ten-years imprisonment with no eligibility for release for five years, together with appropriate credit for time served. We reach this result because the maximum sentence which may be imposed for a third-degree felony conviction [such as grand theft, third-degree, § 812.014(1), (2)(c), Fla.Stat. (1989), as here], after properly declaring the defendant an habitual violent felony offender is “a term of years not exceeding 10, and such offender shall not be eligible for release for 5 years.” § 775.084(4)(b)(3), Fla.Stat. (1989).
Reversed and remanded.