REVISED OPINION

PER CURIAM.
Terry Chambers appeals from the trial court’s denial of his motion for post conviction relief. Based upon the State’s proper confession of error, we reverse the sentence and remand.
Defendant entered a plea of guilty on various charges in exchange for a sentence of seventeen years incarceration as an habitual felony offender. The plea covered two separate cases. In Case No. 90-15219, the trial court ordered defendant imprisoned for a term of seventeen years for burglary of a structure, a third degree felony offense. See § 810.02(3), Fla.Stat. (1993). In Case No. 90-3649, the trial court sentenced defendant to a term of ten years for four counts of burglary and one count of grand theft; the sentences were to run concurrently.
As conceded by the State, the sentence imposed in Case No. 90-15219 is illegal and must be reversed. “The maximum sentence which may be imposed for a third-degree felony conviction ... after properly declaring the defendant an habitual violent felony offender is ‘a term of years not exceeding 10, and such offender shall not be eligible for release for 5 years.’ § 775.084(4)(b)(3), Fla. Stat. (1989).” Smith v. State, 625 So.2d 985, 986 (Fla. 3d DCA 1993). Accordingly, on remand the trial court shall resentence defendant in Case No. 90-15219 to a term of ten years or less. As defendant bargained for a term of seventeen years combined on the two cases, the trial court shall also appropriately adjust the sentence imposed in Case No. 90-3649, and provide that the two terms shall be served concurrently.
We find no merit in defendant’s remaining point.
Affirmed in part; reversed in part; remanded with directions.